IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| DE NOVO DYMANTE EXPRESS TRUST AND MARICELLA ANA BENAVENTE, TRUST PROTECTOR | § § § § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. H-24-3051 |
| FREEDOM MORTGAGE CORPORATION AND NESTOR SOLUTIONS, LLC, | § § § § § | |
| Defendants. | § | |

## ORDER

Pending before the Court is Defendants' Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 4). Having considered the Defendants' motion, submissions, and applicable law, the Court determines that Defendants' motion should be granted.

## I. BACKGROUND

This is a real property foreclosure matter. *Pro se* Plaintiffs De Novo Dymante Express Trust and Maricella Ana Benavente, Trust Protector (hereinafter "Plaintiffs") are the owners of 6039 Spring Creek Lane, Spring, TX 77379 (the "Property"). Plaintiffs contend that Defendants Freedom Mortgage Corporation and

Nestor Solutions, LLC (hereinafter "Defendants"), initiated a wrongful foreclosure on the Property "based on an improper classification of the promissory note."[1]

Based on the foregoing, on July 25, 2024, Plaintiffs filed suit *pro se* in Harris Court District Court alleging: (1) wrongful foreclosure; (2) "promissory note vs. draft"; (3) lack of proof of debt; (4) improper use of financial instruments; (5) violations of unalienable rights; and (6) failure to comply with consumer credit laws and the Fair Debt Collections Practices Act.[2] Plaintiffs also sought declaratory judgment for quiet title, entitling them to possession of the Property against Defendants. On August 15, 2024, Defendants removed this matter to this Court based on diversity jurisdiction. On August 22, 2024, Defendants filed a motion to dismiss for failure to state a claim upon which relief can be granted. Plaintiffs did not respond to Defendants' motion to dismiss within either the original response date, or the date of this order.

## II. STANDARD OF REVIEW

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). Under Rule 8(a)(2), a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled

---

[1] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 5.

[2] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 1–5.

to relief." Fed. R. Civ. P. 8(a)(2). Although "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' . . . it demands more than . . . 'labels and conclusions.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[A] formulaic recitation of the elements of a cause of action will not do." *Id.* (quoting *Twombly*, 550 U.S. at 555).

In deciding a Rule 12(b)(6) motion to dismiss for failure to state a claim, "[t]he 'court accepts all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *In re Katrina Canal Breeches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007) (quoting *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004)). To survive the motion, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 558).

### III. LAW & ANALYSIS

Defendants move to dismiss Plaintiffs' causes of action, contending Plaintiffs fail to state any claim upon which relief can be granted. Defendants contend dismissal is proper because each of Defendants claims fail as a matter of law. Plaintiffs did not respond to Defendants' motion to dismiss, failing to rebut or offer

3

evidence to counter Plaintiffs' contentions. Pursuant to Local Rule 7.4, failure to respond is taken as a representation of no opposition. S.D. Tex. Local R. 7.4. The Court will consider, in turn, each claim Defendants contend should be dismissed.

*A. Wrongful Foreclosure*

Defendants contend that Plaintiffs lodged a conclusory allegation that Defendants wrongfully foreclosed without any further detail, failing to provide necessary specificity to meet the pleading standard required under Federal Rule of Civil Procedure 12. Plaintiffs offer no rebuttal.

When exercising diversity jurisdiction over a question based upon state law, federal courts should apply the substantive law of that state. *Crisalli v. ARX Holding Corp.*, 177 F. App'x 417, 419 (5th Cir. 2006) (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 72 (1938)). Under Texas law, a claim for wrongful foreclosure generally requires: (1) "a defect in the foreclosure sale proceedings"; (2) "a grossly inadequate selling price"; and (3) "a causal connection between the defect and grossly inadequate selling price." *Miller v. BAC Home Loans Servicing, L.P.*, 726 F.3d 717, 726 (5th Cir. 2013) (citing *Sauceda v. GMAC Mortg. Corp.*, 268 S.W.3d 135, 139 (Tex. App. – Corpus Christi 2008, no pet.)). Texas does not recognize a claim for attempted wrongful foreclosure. *James v. Wells Fargo Bank*, N.A., 533 F. App'x 444, 447 (5th Cir. 2013).

4

Here, in reviewing the language of Plaintiffs' complaint, Defendants contend that Plaintiffs merely state they bring suit to "address the wrongful foreclosure," yet provide no facts as to how the foreclosure is wrongful and fail to state whether a foreclosure sale has even taken place.[3] The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Supreme Court's guidance that a Plaintiff must provide enough facts to state a claim to relief that is plausible on its face, the Court finds that Plaintiffs' wrongful foreclosure claim should be dismissed. The Court now addresses Plaintiffs' claim regarding "promissory note v. draft."[4]

*B. Promissory Note v. Draft*

Defendants contend that Plaintiffs have not plead facts sufficient to support their claim that Defendants violated section 3-104(e) of the Uniform Commercial Code ("UCC"). Plaintiffs offer no rebuttal. Section 3-104(e) of the UCC states that "[a]n instrument is a 'note' if it is a promise and is a 'draft' if it is an order. If an instrumental falls within the definition of both 'note' and 'draft,' a person entitled to enforce the instrument may treat it as either." U.C.C. § 3-104(e). Defendants contend

---

[3] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 1.

[4] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 3.

that Plaintiffs mere statement that "the note contains language such as 'to pay to the order of,' indicate[s] [the mortgage agreement] is a draft, not a promissory note," is insufficient to state a plausible claim.[5] Defendants further contend that the phrase "pay to the order of" contained within the mortgage agreement is utilized to indicate who is being paid, and has no bearing on the timing requirement of when a mortgagee must pay their debt. The Court construes all *pro se* filings liberally. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007). Even construing the complaint liberally, the Court finds the facts provided by Plaintiffs fail to constitute a claim upon which relief can be granted and thus, the "promissory note v. draft" claim should be denied. The Court now addresses Plaintiffs' claim for a lack of proof of debt.

### C. Lack of Proof of Debt

Defendants contend that Plaintiffs again fail to provide any facts for their claim for a lack of proof of debt. Plaintiffs offer no rebuttal. The only facts provided by Plaintiffs to support their claim for a lack of proof of debt is that Defendants "ha[ve] not provided adequate proof that the note is a valid promissory note."[6] The Fifth Circuit has made clear that there is no requirement for a foreclosing party to produce the original note bearing a wet ink signature, often referred to as the "show-

---

[5] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 3.

[6] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 3.

me-the-note" theory. *See Martins v. BAC Home Loans Servicing, L.P.*, 772 F.3d 249, 254 (5th Cir. 2013). The Court construes all *pro se* filings liberally. Even construing the complaint liberally, the Court finds the facts given fail to fulfill the required pleading standards. Given the Fifth Circuit's guidance that a mortgagor is under no obligation to produce the original note bearing a wet ink signature, the Court finds that Plaintiffs' lack of proof of debt claim should be dismissed. The Court now addresses Plaintiffs' claim for improper use of financial instruments.

*D. Improper Use of Financial Instruments*

Defendants again contend that Plaintiffs have lodged a conclusory allegation for their claim for improper use of financial instruments. Plaintiffs offer no rebuttal. The only statement provided by Plaintiffs to support their claim is that "the note's characteristics make it ineligible to be used as evidence of debt," citing provisions of the UCC and Federal Reserve Act, Section 16 as authority.[7] Defendants contend that no legal citation provided by Plaintiffs regarding their improper use of financial instruments claim provides a private cause of action. Section 9-102(65) of the UCC merely provides a definition of what a promissory note is. *See* U.C.C. § 9-102(65). The Federal Reserve Act, Section 16 deals with the issuance of federal reserve notes and seemingly has no relation to a promissory note or any other financial instrument

---

[7] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 3.

referenced in this case. *See* 12 U.S.C. § 411–21. Given Plaintiffs' lack of facts to support their claim and the lack of any reference to a private cause of action necessary to substantiate their claim, the Court finds that Plaintiffs' improper use of financial instruments claim should be dismissed. The Court now addresses Plaintiffs' claim for a violation of unalienable rights.

*E. Violation of Unalienable Rights*

Plaintiffs' state that the foreclosure of the Property "violates the unalienable rights guaranteed by the original [declaration] held in the U.S., recognizing life, liberty, property, due process, and equal protection of law."[8] Defendants contend that Plaintiffs fail to plead sufficient facts to prove their claim and provide no indication of exactly what unalienable rights Defendants have violated. Plaintiffs offer no rebuttal. The Court construes all *pro se* filings liberally. However, after a review of the Plaintiffs' complaint, the Court cannot discern a plausible claim from Plaintiffs reference to the Declaration of Independence, and thus, finds that Plaintiffs' violation of unalienable rights claim should be denied. The Court now turns to Plaintiffs' claim to quiet title.

---

[8] *Plaintiff's Petition*, Document No. 1, Exhibit B-1 at 4.

*F. Quiet Title*

Defendants contend that Plaintiffs claim to quiet title is devoid of facts or the elements required to prove a claim for quiet title in Texas. Plaintiffs offer no rebuttal. In Texas, the elements of a suit to quiet title are "(1) the plaintiff has an interest in a specific property; (2) title to the property is affected by the defendant's claim; and (3) the defendant's claim, although facially valid, is invalid or unenforceable." *CAO v. BSI Fin. Servs.*, No. H-17-321, 2020 U.S. Dist. LEXIS 170305 at *48 (S.D. Tex. Sep. 17, 2020) (*citing Roberson v. Odom*, 529 S.W.3d 498, 502 (Tex.App.– Texarkana 2017, no pet.)). Defendants contend that while Plaintiffs have an interest in the Property and title to the Property is affected by the Defendants' secured lien, Plaintiffs have failed to provide sufficient facts to prove that Defendants foreclosure is invalid or unenforceable. The Court construes all *pro se* filings liberally. However, after an extensive review of Plaintiffs complaint, the Court finds no reference or statement regarding why Defendants foreclosure is invalid or unenforceable. Considering the Court's dismissal of each of Plaintiffs claims in the present matter, the Court finds that Plaintiffs are not entitled to quiet title.

Accordingly, the Court finds that Defendants' motion to dismiss should be granted.

## IV. CONCLUSION

Based on the foregoing, the Court hereby

**ORDERS** that Defendant's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (Document No. 4) is **GRANTED**. The Court further

**ORDERS** that Plaintiffs' De Novo Dymante Express Trust and Maricella Ana Benavente, Trust Protector claims against Defendants Freedom Mortgage Corporation and Nestor Solutions, LLC are **DISMISSED**.

SIGNED at Houston, Texas, on this __19__ day of September, 2024.

DAVID HITTNER
United States District Judge